*Decision will be entered under Rule 50.*

CHARLES M. THORP, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. DENNING STEWART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EARL F. REED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROY G. BOSTWICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53883–53886. Promulgated June 12, 1935.

*Charles M. Thorp, Jr., Esq.,* for the petitioners.
*John H. Pigg, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The petitioners were partners in the practice of law. The deficiencies are in 1928 income tax, of $315.48 as to Thorp, $216.54 as to Stewart, $163.72 as to Reed, and $297.93 as to Bostwick.

The controversy is common to all in that it involves the character for tax purposes of an amount received in 1928 by the firm, the petitioners urging that it was a dividend (Revenue Act of 1928, section 115) and hence free from normal tax (section 25), and the respondent, that it was an ordinary fee for professional services and hence subject to tax without the dividend credit. The facts are substantially all stipulated and need not, therefore, be specially found nor set forth in full.

The petitioners, before 1928, agreed with a client, Henderson, to conduct litigation for the recovery of 50,000 shares of Plymouth Oil. Co. stock from another, Farquhar, the fee to be $10,000 if unsuccessful, or 10 percent of the amount recovered, if successful. Pending the litigation on appeal, the shares were in 1926 placed in escrow with the approval of the court, " with the right in Farquhar and Henderson to stipulate that the same or any part thereof may be sold, the proceeds of such sale or sales to be deposited with said trust company in place of the stock so sold." Dividends were declared and paid by the corporation before 1928 and received by the trust company in escrow, and retained until after the final termination of the litigation favorably to petitioner's client, the Supreme Court of the United States having denied certiorari in 1927. The shares and accumulations were then delivered by the trust company to Henderson, and in 1928 petitioners received their agreed shares and accumulations. They claim that because they had an equitable interest in the escrow fund, the cash received by them must be regarded in their hands as dividends just as they undoubtedly were when distributed by the corporation.

This, in our opinion, is clearly not so. Strictly speaking, the amount received by petitioners in 1928, whether from Henderson or the escrow agent, was not, as section 25 expressly requires, an " amount received as dividends (1) from a domestic corporation." Nor was it, as section 115 requires, " a distribution made by a corporation to its shareholders ", although it had its earlier source in such a distribution. But at that earlier time petitioners were not shareholders of the corporation. When petitioners received it in 1928 it had lost its character as a corporate distribution and they received it only by virtue of their contract for services. To them it was compensation for services, and the Commissioner correctly treated it as such. *Roscoe H. Aldrich*, 3 B. T. A. 911; *Albert Russel Erskine*, 26 B. T. A. 147, 164; see *Omaha National Bank* v. *Commissioner*, 75 Fed. (2d) 434; *Lansill* v. *Commissioner*, 58 Fed. (2d) 512; cf. *Schneider* v. *Duffy*, 43 Fed. (2d) 642.

*Judgment will be entered under Rule 50.*